IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | CRIMINAL ACTION H-07-0338 |
| v. | § | |
| | § | CIVIL ACTION H-10-4924 |
| THANG DINH NGO | § | |

**MEMORANDUM OPINION AND ORDER**

Defendant Thang Dinh Ngo, represented by counsel, filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Docket Entries No. 273, 274.) The Government responded and filed a motion to dismiss (Docket Entry No. 286), to which Defendant filed a response (Docket Entries No. 287, 288).

Based on consideration of the pleadings, the motion to dismiss and the response, the record, and the applicable law, the Court DENIES the motion to dismiss and ORDERS as follows.

*Procedural Background and Claims*

On June 11, 2008, Defendant pleaded guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine and methylenedioxymethamphetamine ("MDMA," commonly known as "Ecstasy"), in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(C), and 846 (count one); aiding and abetting possession with intent to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 and 18 U.S.C. § 2 (count two); and aiding and abetting possession

with intent to distribute MDMA, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846 and 18 U.S.C. § 2 (count three). On November 19, 2008, the Court sentenced Defendant to 168 months in prison as to each of the three counts, to run concurrently, followed by five years' supervised release. The convictions and sentences were affirmed on direct appeal. (Docket Entries No. 246, 248.)

Defendant raises the following claims for relief in this section 2255 motion:

(1) The Government denied him due process by engaging in sentencing entrapment or sentence factor manipulation.

(2) The Government manipulated the quantity of drugs for the purpose of creating greater sentence exposure.

(3) The Government violated the separation of powers doctrine by manipulating the quantity of drugs for the purpose of creating greater sentence exposure.

(4) The Government suppressed exculpatory evidence material to punishment.

Defendant claims that he is entitled to a new sentencing hearing because of these errors. The Government contends that the claims should be dismissed as procedurally barred.

*Procedural Bar*

In its motion to dismiss, the Government argues that Defendant's claims are barred from review at this juncture because he failed to raise them on direct appeal.

A proceeding for collateral review is not a substitute for a direct appeal. *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (en banc). Motions made under section 2255 may raise only constitutional errors or other issues that could not have been raised on direct appeal and that will result in a miscarriage of justice if left unaddressed. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). When a defendant fails to raise an issue in his criminal proceedings, that issue is procedurally barred from review in a subsequent section 2255 proceeding. *United States v. Lopez*, 248 F.3d 427, 433 (5th Cir. 2001); *United States v. Kallestad*, 236 F.3d 225, 227 (5th Cir. 2000). Under such circumstances, the district court may consider the defaulted claim only if the petitioner can demonstrate good cause for the default and actual prejudice, or that he is actually innocent of the charged offense. *Bouseley v. United States*, 523 U.S. 614, 622 (1998).

The record shows that Defendant was sentenced on November 19, 2008, and that he filed his notice of appeal on November 25, 2008. (Docket Entry No. 159.) He raised only one issue on direct appeal, challenging the Court's denial of a safety valve reduction. The Fifth Circuit Court of Appeals rejected the issue and affirmed the convictions and sentences. (Docket Entries No. 246, 248.) None of the instant section 2255 claims was raised on direct appeal. Consequently, the issue before this Court is whether those issues are procedurally barred from consideration because they should, and could, have been raised on direct appeal.

In his section 2255 motion, Defendant states that he did not raise these issues on direct appeal because they are based on exculpatory evidence that was first revealed by the

3

Government more than seven days after his sentencing. (Docket Entry No. 273, p. 2.) Specifically, the underlying facts were disclosed during the trial of Defendant's co-defendant, Khamphouthong Sayavongsa, in early December, 2008, and came to Defendant's attention shortly thereafter. Defendant presented the newly discovered facts to this Court in a motion for new trial filed on December 29, 2008, but relief was denied on jurisdictional and procedural grounds on February 24, 2009. The Government argues that Defendant was aware of the factual basis for his claims no later than December 29, 2008, months before the filing of his appellate brief. According to the Government, the issues could have been raised on appeal and, because they were not, are now barred from consideration by this Court.

In response, Defendant argues that the Government's concealment of evidence material to his sentencing caused his inability to assert the claims in a timely manner, and that was no procedurally proper means by which he could have raised the issues on direct appeal at that point. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999) (holding that the Fifth Circuit will not consider an issue that was not raised in the district court, absent extraordinary circumstances); *United States v. Corbett*, 742 F.2d 173, 178 n. 10 (5th Cir. 1984) ("On direct appeal of a conviction based upon a plea, complaints based on facts outside the record are not before and will not be considered by the reviewing court.") (internal quotations omitted); *United States v. Cooks*, 589 F.3d 173, 184 (5th Cir. 2009) (holding that if an issue is raised for the first time in an untimely motion to the trial court and is not considered, the issue is not preserved for appeal).

The Government shows no procedural manner by which Defendant could have properly presented his issues to the Fifth Circuit on direct appeal, and has not established that Defendant's claims are procedurally barred. The Fifth Circuit's inability to afford relief on direct appeal does not preclude this Court's consideration of the issues in the pending section 2255 motion. *See Corbett*, 724 F.2d at 178.

Defendant's pending claims are not procedurally barred, and the Government's motion to dismiss the claims as procedurally barred is denied.

### *Failure to State a Claim*

In the alternative, the Government argues that Defendant's claims must be dismissed because assertions that a court erred in applying the sentencing guidelines do not raise a viable section 2255 claim. *See United States v. Payne*, 99 F.3d 1273, 1281–82 (5th Cir. 1996) ("A district court's technical application of the Guidelines does not give rise to a constitutional issue."); *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1996) (holding that a district court's alleged misapplication of the sentencing guidelines cannot be challenged in a section 2255 motion).

While this general statement of the law is correct, it has no application here. Defendant claims that the Government denied him due process and/violated the separation of powers doctrine by engaging in sentencing entrapment or sentence factor manipulation and in withholding and/or misrepresenting relevant facts at punishment. Defendant's claims

are not subject to dismissal under *Payne* and *Williamson*, and the motion to dismiss Defendant's allegations for failure to state a claim is denied.

### *Conclusion*

The Government's motion to dismiss (Docket Entry No. 286) is DENIED. The Government is ORDERED to file a response to the merits of Defendant's section 2255 motion by SEPTEMBER 14, 2012. Any reply must be filed by Defendant within twenty days thereafter. Following its review of the response and any reply, the Court will consider the need for an evidentiary hearing in this matter.

Signed at Houston, Texas on August 28, 2012.

_____
Gray H. Miller
United States District Judge